**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**March 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

RONALD LEE SMITH,

    Plaintiff - Appellant,

v.

MARYAM GHIASSI; KIM BROWN,

    Defendants - Appellees.

No. 25-1241
(D.C. No. 1:23-CV-01717-NRN)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Ronald Lee Smith, a Colorado prisoner proceeding pro se, appeals from the

district court's dismissal of his 42 U.S.C. § 1983 action. We have jurisdiction under

28 U.S.C. § 1291, and we affirm.

## I. BACKGROUND

In July 2023, Mr. Smith sued Dr. Maryam Ghiassi, alleging that on July 28,

2021, Dr. Ghiassi, an ophthalmologist, punctured his unnumbed right eyeball with a

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

needle, causing serious permanent damage. He further alleged that Dr. Ghiassi failed to perform a follow-up exam. Mr. Smith claimed that Dr. Ghiassi acted with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment.[1] Dr. Ghiassi moved to dismiss, arguing that Mr. Smith failed to state a plausible deliberate-indifference claim. The district court granted the motion and dismissed the case. Mr. Smith appeals.

## II.  DISCUSSION

We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Under this standard, we accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Id.* Because Mr. Smith represents himself, we construe his filings liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

To state a plausible claim, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020) (internal quotation marks omitted). This standard has both an objective and a subjective component. *Id.*

To satisfy the objective component, the plaintiff must show that his "medical need was sufficiently serious." *Est. of Beauford v. Mesa Cnty.*, 35 F.4th 1248, 1262 (10th Cir. 2022) (internal quotation marks omitted). A medical need is sufficiently

---

[1] The operative complaint also purports to assert a claim against Kim Brown, but she was "apparently misidentified" and was never served. R. at 49 n.1.

serious if it "has been diagnosed by a physician as mandating treatment" or if it "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted).  For the subjective component, the plaintiff must establish the defendant knew the plaintiff "faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1029 (10th Cir. 2020) (internal quotation marks omitted).  In other words, the defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The district court concluded Mr. Smith failed to plausibly allege a constitutional violation because the alleged facts did not satisfy either component of the deliberate-indifference standard.  We agree with the district court.

Mr. Smith alleged Dr. Ghiassi administered the intraocular injection improperly because his eyeball was not numbed beforehand.  He alleged that the injection caused a serious medical need—floaters in his eye that impact his vision. These allegations are insufficient to satisfy the objective component because Mr. Smith failed to show that the medical need was either "diagnosed by a physician as mandating treatment" or "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Est. of Beauford*, 35 F.4th at 1262 (internal quotation marks omitted).

3

Regarding the subjective component, Mr. Smith alleged Dr. Ghiassi failed to perform a follow-up exam to assess the damage caused by the injection. Mr. Smith seems to allege that Dr. Ghiassi did not perform a follow-up exam because she wanted to "cover up" the incident. R. at 13. But, as the district court correctly noted, Mr. Smith did not allege that Dr. Ghiassi "was aware of any damage to [his] eye following the injection, or that [he] requested a[] [follow-up] appointment but was denied." *Id.* at 56. His allegations amount to a claim that Dr. Ghiassi negligently failed to provide adequate medical care. And the "negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006) (internal quotation marks omitted). Mr. Smith's allegation that Dr. Ghiassi was engaged in a cover-up "rest[s] solely on speculation and conjecture" and "cannot support an inference of actual knowledge." *Id.* at 1236.

In sum, because Mr. Smith failed to satisfy the deliberate-indifference standard's objective and subjective components, he failed to plausibly allege a constitutional violation.

## III.  CONCLUSION

We affirm the district court's judgment. We grant Mr. Smith's motion for leave to proceed on appeal without prepayment of costs and fees. (Dkt. No. 16).

Entered for the Court

Bobby R. Baldock
Circuit Judge